**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4482

NICK LEE LOSEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-98-33)

Submitted: February 24, 2000

Decided: March 3, 2000

Before MOTZ and KING, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas G. Dyer, DYER LAW OFFICES, Clarksburg, West Virginia,
for Appellant. David E. Godwin, United States Attorney, Sam G.
Nazzaro, Assistant United States Attorney, Sharon L. Potter, Assistant
United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Nick Lee Losey appeals the 240-month sentence he received after he pled guilty to interstate domestic violence, see 18 U.S.C.A. § 2261(a)(1) (West Supp. 1999), and possession of cocaine with intent to distribute. See 21 U.S.C. § 841(a) (1994). He contends that the district court clearly erred in determining the amount of cocaine for which he was responsible. See U.S. Sentencing Guidelines Manual § 2D1.1 (1998); United States v. McDonald , 61 F.3d 248, 255 (4th Cir. 1995) (providing standard of review). We affirm.

Following his arrest, Losey gave a statement to a Drug Enforcement Administration (DEA) agent in which he admitted that, for two years, he bought two ounces of cocaine and a pound of marijuana per week from his source. When Losey entered into a plea agreement, the government agreed to stipulate that Losey was responsible for 500 grams to two kilograms of cocaine. However, the probation officer relied on Losey's statement in calculating that he was responsible for 5.3 kilograms of cocaine. At the sentencing hearing, the DEA agent testified that he regarded the stipulation as an accurate estimate of the amount of cocaine Losey distributed. Nonetheless, the district court decided that Losey's own statement was the best evidence, particularly in view of the fact that, to the degree it could be corroborated, it appeared to be accurate. We are not able to say that the district court clearly erred in making this determination.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2